# EXHIBIT 1

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|
| **STATE OF MICHIGAN**<br>JUDICIAL DISTRICT<br>6th    JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS** | **CASE NO.**<br>2019-172919-CD<br>19-        -CD<br>JUDGE MICHAEL WARREN |

Court address: 1200 N Telegraph Rd., Pontiac MI 48340

Court telephone no.: (248) 858-0344

| Plaintiff's name(s), address(es), and telephone no(s).<br>Maureen Boyd | v | Defendant's name(s), address(es), and telephone no(s).<br>Edscha Automotive Michigan, Inc.<br>2800 Superior Court<br>Auburn Hills, MI 48326 |
|---|---|---|
| Plaintiff's attorney, bar no, address, and telephone no.<br>Jan Jeffrey Rubinstein (P57937)<br>30150 Telegraph Rd., Ste 444<br>Bingham Farms, MI 48025<br>(248) 220-1415 | | This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling. |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
- [ ] There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
- [ ] There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
- [ ] It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
- [ ] This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
- [✓] There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
- [ ] A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in [ ] this court, [ ] _____ Court, where it was given case number _____ and assigned to Judge _____.

The action [ ] remains [ ] is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>4/1/2019 | Expiration date*<br>JUL 01 2019 | Court clerk<br>Lisa Brown |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (8/18) **SUMMONS**     MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

## STATE OF MICHIGAN

## OAKLAND COUNTY CIRCUIT COURT

MAUREEN BOYD,

   Plaintiff,

-v-

EDSCHA AUTOMOTIVE MICHIGAN, INC.,
a Delaware corporation,

   Defendant.

Case No: 19- -CD

2019-172919-CD

JUDGE MICHAEL WARREN

_____/

THE RUBINSTEIN LAW FIRM
Jan Jeffrey Rubinstein (P57937)
Ryan Richardville (P77335)
Attorneys for Plaintiff
30150 Telegraph Road, Ste 444
Bingham Farms, MI 48025
(248) 220-1415

_____/

There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, MAUREEN BOYD, by and through her attorneys, THE RUBINSTEIN LAW FIRM, and for Plaintiff's Complaint and Jury Demand against Defendant, EDSCHA AUTOMOTIVE MICHIGAN, INC., states the following:

## JURISDICTION AND VENUE

1. This is an action to enforce civil and common-law rights arising out of Plaintiff's employment relationship with Defendant corporation.

1

2. Plaintiff, MAUREEN BOYD, is an adult resident of the State of Michigan who currently resides at 3536 Watkins Lake Road, Waterford, MI 48328.

3. Defendant, EDSCHA AUTOMOTIVE MICHIGAN, INC., is a Delaware corporation authorized to conduct business in the State of Michigan, and which conducts business at 2800 Superior Court, Auburn Hills, MI 48326.

4. The events giving rise to this action took place in the City of Auburn Hills, County of Oakland, State of Michigan.

5. The amount in controversy exceeds TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), exclusive of interest and costs, and Plaintiff seeks injunctive relief within the exclusive jurisdiction of this Court.

6. Venue properly rests in this Court.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

8. In November of 2017, Plaintiff was hired by Defendant, EDSCHA AUTOMOTIVE MICHIGAN, INC. ("Edscha Automotive") as a full-time Team Member/Machine Operator in the Operations Department assigned to the Auburn Hills location.

9. Plaintiff was eventually promoted to Team Leader within the Operations Department at Edscha Automotive.

10. Throughout her employment with Edscha Automotive, Plaintiff performed her job duties in an exemplary manner while treating her coworkers with professionalism and dignity, received numerous compliments and consistent praise from her work peers and supervisors, and her work performance was always satisfactory or above.

11. Over time, Maureen Boyd recognized that her immediate supervisor, Joseph Yancy, began treating her poorly at work, routinely making derogatory comments about women to Plaintiff, both in private and in front of others, repeatedly telling jokes of a sexual nature, and routinely using sexually degrading language toward Plaintiff and other female production workers at Edscha Automotive.

12. While Plaintiff was employed by Edscha Automotive, Joseph Yancy repeatedly asked Maureen Boyd questions of a personal nature regarding her current relationship status, including, but not limited to asking Plaintiff if she was in a relationship with anyone, if she and 'Greg' were "an item," and whether she would buy her boyfriend a car.

13. Further, during her period of employment with Edscha Automotive, Joseph Yancy repeatedly asked Plaintiff for her telephone number during work hours and told Plaintiff, among other things, that:

    a. he loved having sex;

    b. he was sexually attracted to Plaintiff and liked her body;

    c. he looks at women differently now compared to when he was younger, as his taste in women has changed;

    d. Plaintiff physically fits his criteria in women;

    e. he loves the midsection of a woman and the stomach doesn't bother him;

    f. he was mad that Plaintiff had become pregnant because he thought they could date, and

    g. the crease of a woman's legs turns him on.

3

14. In response to Joseph Yancy's uninvited, inappropriate, and sexually explicit conduct as outlined above, Plaintiff repeatedly requested that Joseph Yancy cease and desist in harassing her at work, reported such conduct to Human Resources, requested that Human Resources remove Yancy from her immediate work area, and filed a formal complaint for sexual harassment with Edscha Automotive.

15. Upon information and belief, other female employees at Edscha Automotive came forward to report similar conduct by Joseph Yancy.

16. Despite such action, Edscha Automotive failed, refused, and/or neglected to timely investigate Plaintiff's complaint for sexual harassment or take other appropriate measures in response to the reports outlined above.

17. In the meantime, Joseph Yancy continued to harass Plaintiff, in violation of Defendant corporation's internal "zero tolerance" harassment/discrimination policy and Plaintiff's state and federal civil rights, until such time as Yancy was terminated by Edscha Automotive months later.

18. Further, while Plaintiff was employed with Defendant, she became pregnant and began to experience serious complications during the second trimester of her pregnancy.

19. Due to said complications, Plaintiff sought care and began treating with an Obstetrics and Gynecology Specialist (OB/GYN) and Certified Nurse-Midwife (CNM) specializing in high-risk pregnancies.

20. Plaintiff was placed on a forty-hour per week work restriction by her doctor, who also recommended that Plaintiff be allowed to take time off as needed during the remainder of her high-risk pregnancy to attend to a variety of related serious medical conditions.

21. Plaintiff timely notified Defendant in writing of her medical condition, related symptoms, work restrictions, and need to take occasional time off in order to attend appointments with her OB/GYN and CNM, and her request was initially approved.

22. Thereafter, Plaintiff took time off from work to receive necessary medical treatment in connection with her high-risk pregnancy.

23. Despite its initial approval and Plaintiff's presentment of the above-described certification notice, Defendant formally disciplined Plaintiff and ultimately terminated her for taking time off work as described above.

## COUNT I – SEX DISCRIMINATION

24. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

25. Plaintiff's sex was a significant factor in how Maureen Boyd was treated by Edscha Automotive during the time she worked there.

26. Had Maureen Boyd been a male, she would have been treated differently by Defendant during the time she worked at Edscha Automotive.

27. Defendant, Edscha Automotive, through its agents, representatives, and employees, including Joseph Yancy, was predisposed to discriminate on the basis of sex and acted in accordance with that predisposition.

28. Defendant, Edscha Automotive, through its agents, representatives, and employees, including Joseph Yancy, treated Maureen Boyd differently from similarly situated employees of a different sex in the terms and conditions of employment, based upon unlawful consideration of sex.

5

29. Defendant's actions were intentional in disregard for Maureen Boyd's rights and sensibilities.

30. As a direct and proximate result of Defendant's unlawful actions in violation of the ELCRA and Title VII, Maureen Boyd has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, humiliation and embarrassment, mental and emotional distress, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

WHEREFORE, Plaintiff, MAUREEN BOYD, requests judgment against Defendant, EDSCHA AUTOMOTIVE MICHIGAN, INC., as follows:

A) Legal Relief

   1) Compensatory damages in excess of $25,000.00 to which Plaintiff is found to be entitled;

   2) Liquidated damages in whatever amount Plaintiff is found to be entitled; and

   3) An award of interest, court costs, expert witness fees, and reasonable attorney fees.

B) Equitable Relief

   1) An order reinstating Plaintiff to an appropriate position with Defendant;

   2) An injunction prohibiting any further acts of wrongdoing, discrimination, or retaliation; and;

   3) Whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT II – HOSTILE WORK ENVIRONMENT

31. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

32. During the period of her employment at Edscha Automotive, Plaintiff belonged to a protected group of individuals under the ELCRA.

33. Plaintiff was subjected to communication and conduct on the basis of the protected status.

34. Plaintiff was subjected to unwelcome communication and conduct on the basis of the protected status.

35. The unwelcome communication and conduct was intended to, or in fact did, interfere substantially with Maureen Boy's employment or created an intimidating, hostile, or offensive work environment.

36. The unwelcome communication and conduct took place within the scope of employment and Defendant, Edscha Automotive, is liable for the actions of its agents, representatives, and employees, including Joseph Yancy, under the doctrine of *respondeat superior*.

37. As a direct and proximate result of Defendant's unlawful actions in creating, promoting, and maintaining a hostile work environment in violation of the ELCRA, Maureen Boyd has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, humiliation and embarrassment, mental and emotional distress, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

WHEREFORE, Plaintiff, MAUREEN BOYD, requests judgment against Defendant, EDSCHA AUTOMOTIVE MICHIGAN, INC., as follows:

A) Legal Relief

   1) Compensatory damages in excess of $25,000.00 to which Plaintiff is found to be entitled;

   2) Liquidated damages in whatever amount Plaintiff is found to be entitled; and

   3) An award of interest, court costs, and reasonable attorney fees.

B) Equitable Relief

1) An order reinstating Plaintiff to an appropriate position with Defendant;

2) An injunction prohibiting any further acts of wrongdoing, discrimination, or retaliation; and

3) Whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT III – VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

38. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

39. Plaintiff is an *eligible employee* as defined by the Family and Medical Leave Act of 1993 ("FMLA"), 29 USC 2601 et seq.

40. Defendant is an *employer* as defined by the FMLA.

41. In disciplining and terminating Plaintiff for taking time off work as described above, and failing to restore Plaintiff to her previous position, or an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment, Defendant violated Plaintiff's rights under the FMLA.

42. As a direct and proximate result of Defendant's actions, Plaintiff has suffered lost wages, benefits, profit-sharing and bonuses, loss of employment opportunities, increased medical expenses, and insurance costs.

WHEREFORE, Plaintiff, MAUREEN BOYD, requests judgment against Defendant, EDSCHA AUTOMOTIVE MICHIGAN, INC., as follows:

A) Legal Relief

1) Compensatory damages in excess of $25,000.00 to which Plaintiff is found to be entitled;

2) Liquidated damages in whatever amount Plaintiff is found to be entitled; and

3) An award of interest, court costs, and reasonable attorney fees.

8

B) Equitable Relief

   1) An order reinstating Plaintiff to an appropriate position with Defendant;

   2) An injunction prohibiting any further acts of wrongdoing, discrimination, or retaliation; and;

   3) Whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT IV – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

43. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

44. At all relevant times, Plaintiff was an individual with a *disability* within the meaning of the Americans with Disabilities Act ("ADA"), 42 USC 12101, et seq. Specifically, Plaintiff has a physical impairment that substantially limits one or more of her major life activities, has a record of the impairment, and was regarded by Defendant as having the impairment.

45. Plaintiff is a *qualified individual with a disability* as that term is defined in the ADA. Plaintiff is an individual who, with reasonable accommodation, can perform the essential functions of her job as Team Leader with Defendant corporation.

46. Defendant refused to provide Plaintiff with a reasonable accommodation to continue to perform her job responsibilities.

47. Defendant's failure to make reasonable accommodations for Plaintiff constitutes discrimination against Plaintiff in respect to the terms, conditions, or privileges of employment. This conduct constitutes a violation of the ADA.

48. Defendant has failed to undertake any good-faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation for Plaintiff.

49. Defendant conducted itself with malice or with reckless indifference to Plaintiff's federally protected rights.

50. As a direct and proximate result of Defendant's discrimination on the basis of disability, Plaintiff has suffered lost wages, benefits, and loss of employment opportunities. In addition, Defendant's failure to make reasonable accommodation to Plaintiff has caused or continues to cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

WHEREFORE, Plaintiff, MAUREEN BOYD, requests judgment against Defendant, EDSCHA AUTOMOTIVE MICHIGAN, INC., as follows:

A) Legal Relief

1) Compensatory damages in excess of $25,000.00 to which Plaintiff is found to be entitled;

2) Liquidated damages in whatever amount Plaintiff is found to be entitled; and

3) An award of interest, court costs, and reasonable attorney fees.

B) Equitable Relief

1) An order reinstating Plaintiff to an appropriate position with Defendant;

2) An injunction prohibiting any further acts of wrongdoing, discrimination, or retaliation; and;

3) Whatever other equitable relief appears appropriate at the time of final judgment.

### COUNT V – VIOLATION OF THE PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

51. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

52. At all material times, Plaintiff was an employee, and Defendant corporation was her employer, covered by and within the meaning of the Persons with Disabilities Civil Rights Act (PDCRA), MCL 37.1201 et seq.

53. Plaintiff's physical impairment constitutes a *disability,* as that term is defined by and within the meaning of the PDCRA, MCL 37.1103(e).

54. At the time of her termination, Plaintiff's physical condition was unrelated to her qualifications and/or ability to perform the duties of a Team Leader with Defendant corporation.

55. Plaintiff was discriminated against, within the meaning of the PDCRA, when Defendant terminated her after refusing to make reasonable accommodation to Plaintiff.

56. Plaintiff's physical impairment was a determining factor in Defendant's decision to terminate Plaintiff and preclude her from returning to work.

57. The actions of Defendant and its agents, representatives, and employees were intentional in disregard for the rights and sensibilities of Plaintiff.

58. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has sustained injuries and damages, including the loss of earnings and earning capacity; loss of fringe and pension benefits; mental and emotional distress; humiliation and embarrassment; loss of career opportunities; and loss of the ordinary pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice.

WHEREFORE, Plaintiff, MAUREEN BOYD, requests judgment against Defendant, EDSCHA AUTOMOTIVE MICHIGAN, INC., as follows:

A) Legal Relief

1) Compensatory damages in excess of $25,000.00 to which Plaintiff is found to be entitled;
2) Liquidated damages in whatever amount Plaintiff is found to be entitled; and
3) An award of interest, court costs, and reasonable attorney fees.

B) Equitable Relief

1) An order reinstating Plaintiff to an appropriate position with Defendant;
2) An injunction prohibiting any further acts of wrongdoing, discrimination, or retaliation; and
3) Whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

59. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

60. The conduct of Defendant, Edscha Automotive, through its agents, representatives, and employees, including Joseph Yancy, as outlined above was intentional and designed for an ulterior motive or purpose.

61. The conduct of Defendant was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

62. As a direct and proximate result of the extreme and outrageous conduct of Defendant, Plaintiff suffered severe emotional distress and serious anxiety that no reasonable person could be expected to endure.

WHEREFORE, Plaintiff, MAUREEN BOYD, respectfully requests that this Honorable Court grant a Judgment in favor of Plaintiff and against Defendants, EDSCHA AUTOMOTIVE

MICHIGAN, INC., in an amount not less than $25,000.00 to which she is found to be entitled, together with court costs, interest, and attorney fees, and any other relief this Court deems just and equitable.

Respectfully submitted,<br>
THE RUBINSTEIN LAW FIRM<br><br>
By: _____<br>
Jan Jeffrey Rubinstein (P57937)<br>
Attorney for Plaintiff

I declare that the statements above are true to the best of my information, knowledge, and belief.

_____
MAUREEN BOYD

Sworn to and subscribed
before me this 27 day
of March 2019.

_____
Notary Public

Livingston

## JURY DEMAND

Plaintiff, MAUREEN BOYD, hereby demands a jury trial in this matter pursuant to MCR 2.508(B).

Respectfully submitted,<br>
THE RUBINSTEIN LAW FIRM<br><br>
By: _____<br>
Jan Jeffrey Rubinstein (P57937)<br>
Attorney for Plaintiff